# United States District Court
### for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision

Name of Offender: <u>Madison Wright</u>    Case Number: <u>3:03-00010-01</u>

Name of Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Date of Original Sentence: <u>November 1, 2004</u>

Original Offense: <u>21 U.S.C. §§ 841(b)(1)(A) and 846 Conspiracy to Distribute and to Possess with Intent to Distribute 5 Kilograms or More of Cocaine</u>

Original Sentence: <u>135 months' custody and five years' supervised release</u>

Type of Supervision: <u>Supervised release</u>    Date Supervision Commenced: <u>July 3, 2012</u>

Assistant U.S. Attorney: <u>To be determined</u>    Defense Attorney: <u>To be determined</u>

---

### PETITIONING THE COURT

☐  To issue a Summons.

**X**  To issue a Warrant.

---

**THE COURT ORDERS:**

☐ No Action

☑ The Issuance of a Warrant:

    ☐ Sealed Pending Warrant Execution

      (cc: U.S. Probation and U.S. Marshal only)

☐ The Issuance of a Summons.

☐ Other

Considered this ___ day of _____, 2014,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Amanda M. Russell
U.S. Probation Officer

Place    Nashville, TN

Date    February 27, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition of supervision:

Violation No.    Nature of Noncompliance

**1.**    **The defendant shall not commit another federal, state, or local crime.**
On February 21, 2014, a warrant for Mr. Wright's arrest was issued in Davidson County, Tennessee, for the offense of Domestic Assault (a Class A Misdemeanor) against his estranged wife, Tanzania Clark-Wright. According to the arrest warrant, on February 20, 2014, Mr. Wright approached Mrs. Wright's vehicle as she sat inside. Mrs. Wright attempted to open her door and get out of the vehicle, but Mr. Wright allegedly got on top of her and held her arms down with his hands. Mr. Wright allegedly left a softball size black bruise on Mrs. Wright's right forearm. Mr. Wright then left the area and Mrs. Wright called the police. The arrest warrant is attached for Your Honor's review.

The probation officer spoke telephonically with Mrs. Wright on February 27, 2014, to discuss this incident. Mrs. Wright reported she and Mr. Wright were texting back and forth earlier that day, arguing about past and current events in their marriage. Just prior to the incident occurring, she was on her lunch break and when she arrived back at her place of employment, she parked in the front parking lot. Mrs. Wright reported she was not aware that Mr. Wright had come to her workplace or that he had parked in the back parking lot. She was getting her things together to get out of the car when she saw Mr. Wright approach her car. Mrs. Wright reported she did not realize her car was unlocked. Mr. Wright opened her door, held her arms down, and began screaming at her. Mrs. Wright reported she was attempting to get Mr. Wright off of her and ended up in the passenger seat. Co-workers inside the business witnessed the incident and approached the car to assist her. At that time, Mr. Wright left the parking lot and she called police. Mrs. Wright reported Mr. Wright has assaulted her in the past, most recently as September 2013, when they separated. She did not file charges at that time. Mrs. Wright reported Mr. Wright is a violent person and she filed charges against him this time because of his history with her. Mrs. Wright also reported that she took out a temporary order of protection against Mr. Wright and the Court date is scheduled for March 5, 2014.

The probation officer has attempted to contact Mr. Wright to discuss these allegations, but has been unsuccessful in her attempts.

**Compliance with Supervision Conditions and Prior Interventions:**
Madison Wright is employed and lives with his aunt in Madison, Tennessee. He began his term of supervised release on July 3, 2012, and his supervision is due to terminate on July 2, 2017.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
Given that this is a violent offense with the potential for future negative outcomes, it is respectfully recommended that a warrant be issued for Mr. Madison Wright, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to the U.S. Attorney's office, who concurs with the recommendation.

Approved: _____
              Britton Shelton
              Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. MADISON WRIGHT, CASE NO. 3:03-00010-01

**GRADE OF VIOLATION:**      C
**CRIMINAL HISTORY:**      VI

**ORIGINAL OFFENSE DATE:**      PRE APRIL 30, 2003      VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **5 years (Class A Felony)** *18 U.S.C. § 3583(e)(3)* | **8-14 months** *U.S.S.G. § 7B1.4(a)* | **No recommendation** |
| SUPERVISED RELEASE: | **5 years less any term of imprisonment** *18 U.S.C. § 3583(h)* | **2-5 years** *U.S.S.G. § 5D1.2(a)(1)* | **No recommendation** |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(2), upon a finding a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

Amanda M. Russell
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

COMPLAINT NUMBER: 2014-0176387     WARRANT NUMBER: GS666829

PROSECUTOR: Tanzania Wright
DEFENDANT: Madison K Wright
VICTIM: Tanzania Wright

## STATE OF TENNESSEE, COUNTY OF DAVIDSON
### AFFIDAVIT
### DOMESTIC ASSAULT
### T.C.A. 39-13-111

Personally appeared before me, the undersigned [Select one] __x_ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that [Select one] ___ he __x_ she [Select one] _x_ personally observed ___ has probable cause to believe that the defendant named above on 02/20/2014 in Davidson County, did unlawfully [Select one] __x_ intentionally, knowingly, or recklessly cause bodily injury to the victim, a family or household member, named above OR ___ intentionally or knowingly cause the victim, a family or household member, named above to reasonably fear imminent bodily injury; OR ___ intentionally or knowingly cause physical contact with the victim, a family or household member, named above and a reasonable person would regard the contact as extremely offensive or provocative and **the probable cause is as follows:**

On February 21, 2014, police were dispatched to 951 Main St, Salon Mogulz, on a domestic disturbance report call. The victim is married but separated from the defendant. The victim and defendant have been arguing over the defendant cheating on the victim.
The victim advised that she was in the parking lot of 951 Main St inside her vehicle on February 20, 2014 at approximately 4:30 P.M. The victim stated that she observed the defendant walking from behind the business to her vehicle. The victim advised that she attempted to open her door and get out the vehicle but the defendant got on top of her and held her arms down with his hands. The defendant left a softball sized black bruise on her right forearm. A picture of the bruise is attached to the incident report. The victim advised that the defendant then left the scene.

Prosecutor, Tanzania Wright

---

## ARREST WARRANT

---

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense of Assault, Domestic Bodily Injury A MISD, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 02/21/2014 09:35:40
Evan Harris
Commissioner

Norman Harris
Judge of the Metropolitan General Sessions Court/Commissioner

# VIOLATION WORKSHEET

1. **Defendant** Madison Wright

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:03CR00010 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** $\frac{11}{month}$ / $\frac{1}{day}$ / $\frac{2004}{year}$

5. **Original District/Office**
   *(if different than above)* _____

6. **Original Docket Number** *(Year-Sequence-Defendant* No.) _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall not commit another federal, state, or local crime. | C |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* | C |

9. **Criminal History Category** *(see §7B1.4(a))* | VI |

10. **Range of Imprisonment** *(see §7B1.4(a))* | 8 - 14 months |

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Madison Wright _____

12.     **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____          Community Confinement _____

Fine($)          _____          Home Detention          _____

Other          _____          Intermittent Confinement _____

13.     **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

        Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____
imprisonment:

14.     **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15.     **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days